UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael J. Gill

   v.                                             Case No. 15-cv-349-JL

Linda-Marie Nakamura


**REPORT AND RECOMMENDATION**

In a case that has been transferred from the District of Massachusetts, and in which both parties are proceeding pro se, Michael Gill has sued Linda-Marie Nakamura in four counts. He asserts two claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (Counts 3 and 4), along with state-law claims for breach of the implied covenant of good faith and fair dealing (Count 1) and fraud (Count 2). Before the undersigned magistrate judge for a report and recommendation is defendant's unopposed motion for judgment on the pleadings (doc. no. 37). For the reasons that follow, defendant's motion should be granted.

**The Legal Standard**

"The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the

same as that for a motion to dismiss under Rule 12(b)(6)." Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014) (quoting Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)).

Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When considering such a motion, a trial court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the pleader's favor."  Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 780 (1st Cir. 2014) (citing Tasker v. DHL Ret. Sav. Plan, 621 F.3d 34, 38 (1st Cir. 2010)).  In addition, because Gill is proceeding pro se, the court construes his complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To survive a Rule 12(b)(6) motion, a "complaint must contain enough factual material to raise a right to relief above the speculative level . . . and state a facially plausible legal claim."  Guerra-Delgado, 774 F.3d at 780 (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011));

see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To meet that standard, it is not sufficient merely to recite the elements of a cause of action.  See Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Nor is it sufficient to allege "facts that 'are too meager, vague, or conclusory to remove the possibility of relief from the realm of conjecture . . . .'"  Lydon, 770 F.3d at 53 (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).

## Background

The facts recited in this section are drawn from Gill's complaint (doc. no. 1), and have been liberally construed.

Gill is the president and sole owner of the Mortgage Specialists, Inc. ("MSI").  Nakamura worked as a paralegal for both for MSI and Gill.

While working for MSI, Nakamura often failed to schedule depositions.  She also destroyed evidence, worked with opposing counsel to recruit new hires to work as spies, provided inside information to opposing counsel that was helpful to their clients and damaging to MSI, and assisted opposing counsel by getting key parts of MSI's cases dismissed.

While working with Gill to prepare a request for a

reduction in support payments, Nakamura only prepared information regarding child support.  Her intentional omission of information regarding alimony cost Gill thousands of dollars.

This action followed.  In it, Gill asserts that by engaging in the conduct described above, Nakamura is liable to him for breaching the implied covenant of good faith and fair dealing, committing fraud, and violating two separate RICO provisions.

## Discussion

Nakamura moves for judgment on the pleadings.  She argues specifically that Gill has failed to state a claim upon which relief can be granted under any of the four legal theories on which he relies.  Nakamura is correct.  The court considers each claim in turn.

### I.   Count 1: Good Faith and Fair Dealing

In Count 1, Gill asserts that Nakamura is liable to him for violating the implied covenant of good faith and fair dealing. In Centronics Corp. v. Genicom Corp., the New Hampshire Supreme Court explained that the implied covenant of good faith and fair dealing imposes a "duty in three distinct categories of contract cases: those dealing with standards of conduct in contract formation, with termination of at-will employment contracts, and with limits on discretion in contractual performance," 132 N.H.

133, 139 (1989). Gill's complaint does not indicate which category his claim against Nakamura falls into. He has alleged no facts that could possibly make this a case about either contract formation or the termination of at-will employment, which leaves the third category, cases involving limits on discretion in contract performance. The Centronics decision discusses that category of cases at some length, and Gill has alleged no facts that could, even when construed liberally, make this a case about "an agreement that appears by word or silence to invest one party with a degree of discretion in performance sufficient to deprive another party of a substantial proportion of the agreement's value," id. at 143. Accordingly, Gill has failed to state a claim that Nakamura is liable to him for violating the implied covenant of good faith and fair dealing.

## II.  Count 2: Fraud

In Count 2, Gill asserts that Nakamura is liable to him for fraud. "The tort of intentional misrepresentation, or fraud, must be proved by showing that [a] representation was made with knowledge of its falsity or with conscious indifference to its truth and with the intention of causing another person to rely on the representation." Tessier v. Rockefeller, 162 N.H. 324, 332 (2011) (quoting Patch v. Arsenault, 139 N.H. 313, 319 (1995)). The Federal Rules of Civil Procedure require that

"[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy that requirement, a complaint must, among other things, "indicate when, where, and how often the allegedly false statements were made [and] what, specifically, was stated." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 358 (1st Cir. 2013). Here, Gill alleges: "Defendant has made false statements of material fact to the Plaintiff with either knowledge of their falsity or with conscious indifference to their truth; including, but not limited to, the defendant's knowingly false representations that (a), (b), (c), etc." Compl. ¶ 17. Neither that allegation nor any other part of Gill's complaint satisfies the Rule 9(b) specificity requirement; nowhere does Gill identify any statements made by Nakamura. Accordingly, Gill has failed to state a claim that Nakamura is liable to him for intentional misrepresentation.

## III. Count 3: RICO

In Count 3, Gill asserts that Nakamura violated 18 U.S.C. § 1962(c) by committing acts of racketeering within the meaning of 18 U.S.C. § 1961(1)(3). There is no 18 U.S.C. § 1961(1)(3), and so the court presumes that plaintiff intended to cite 18 U.S.C. § 1961(1). Under the statute on which Gill relies for his cause of action, it is

6

> unlawful for any person employed by or associated with
> any enterprise engaged in, or the activities of which
> affect, interstate or foreign commerce, to conduct or
> participate, directly or indirectly, in the conduct of
> such enterprise's affairs through a pattern of
> racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  Thus:

> To state a civil RICO claim, . . . a plaintiff must
> allege: "(1) conduct, (2) of an enterprise, (3)
> through [either] a pattern . . . of racketeering
> activity," Kenda Corp. v. Pot O'Gold Money Leagues,
> Inc., 329 F.3d 216, 233 (1st Cir. 2003) (quotations
> omitted), or "a single collection of an unlawful
> debt," United States v. Weiner, 3 F.3d 17, 24 (1st
> Cir. 1993).

Home Orthopedics Corp. v. Rodríguez, 781 F.3d 521, 528 (1st Cir. 2015).  18 U.S.C. § 1961(1) "specifically enumerates what kinds of illegal acts count as 'racketeering.'"  Id.  That specific enumeration is presented in seven broad categories covering more than 100 different crimes.  Other than saying that "[d]efendant committed acts of racketeering within the meaning of 18 U.S.C. § 1961(1)(3)," Compl. ¶ 26, Count 3 gives no hint as to the crime(s) that underpin Gill's RICO claim.  That said, the RICO conspiracy claim Gill asserts in Count 4 does identify five specific crimes.  See Compl. ¶ 29.  But nowhere in Count 4, or in any other part of the complaint, does Gill allege any facts that, if proven at trial, would establish a violation of any of the criminal statutes identified in paragraph 29.  In other words, the facts Gill alleges "are too meager, vague, or

conclusory to remove the possibility of relief from the realm of conjecture" Lydon, 770 F.3d at 53 (internal quotation marks omitted). In sum, even when the complaint is construed with all the liberality it is due, see Erickson, 551 U.S. at 94, it fails to state a claim upon which relief can be granted under 18 U.S.C. §1962(c).

**IV.  Count 4: RICO Conspiracy**

In Count 4, Gill asserts that Nakamura violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). 18 U.S.C. § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." In order to state a conspiracy claim under RICO, a plaintiff must adequately allege:

> (1) the existence of an enterprise affecting interstate [or foreign] commerce, (2) that the defendant knowingly joined the conspiracy to participate in the conduct of the affairs of the enterprise, (3) that the defendant participated in the conduct of the affairs of the enterprise, and (4) that the defendant did so through a pattern of racketeering activity by agreeing to commit, or in fact committing, two or more predicate offenses.

United Stated v. Ramírez-Rivera, 800 F.3d 1, 18 (1st Cir. 2015) (quoting Unites States v. Shifman, 124 F.3d 31, 35 (1st Cir. 1997)).

The conspiracy claim that Gill asserts in Count 4 consists exclusively of this:

8

> The Defendant conspired with other attorneys and paralegals to violate the provisions of 18 U.S.C. § 1503 (relating to obstruction of justice); 18 U.S.C. § 1510 (relating to obstruction of criminal investigations); 18 U.S.C. § 1511 (relating to the obstruction of State or local law enforcement); 18 U.S.C. § 1512 (relating to tampering with a witness, victim, or an informant); and 18 U.S.C. § 1513 (relating to retaliating against a witness, victim, or an informant).

Compl. ¶ 29.

Gill does not even go so far as to identify the elements of his cause of action, the mere recitation of which would be insufficient to state a claim. See Lydon, 770 F.3d at 53. Moreover, even when the complaint is construed liberally, it does not "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Feingold v. John Hancock Life Ins. Co. (USA), 753 F.3d 55, 60 (1st Cir. 2014) (quoting Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 21 (1st Cir. 2013)). Accordingly, Gill has failed to state a claim upon which relief can be granted under 18 U.S.C. § 1962(d). See Feingold, 753 F.3d at 60 (ruling that when plaintiff fails to make adequate factual allegations, dismissal for failure to state a claim is appropriate).

## Conclusion

For the reasons described above, this court recommends that

defendant's motion for judgment on the pleadings, doc. no. 37, be granted.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                                 _____
                                                                 Andrea K. Johnstone
                                                                 United States Magistrate Judge

December 22, 2015

cc:   Michael J. Gill, pro se
      Linda-Marie Nakamura, pro se